Filed 8/26/15  P. v. Stewart CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PATRICIA STEWART,<br><br>Defendant and Appellant. | C077313<br><br>(Super. Ct. No. 13F07316) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment, but order correction of the verdict form.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 31, 2013, a parole search of the one-bedroom apartment where Kevin Henderson lived revealed 0.28 grams of cocaine base, a pipe, and a razor on the bedside

1

table.  When officers asked about the controlled substance, defendant Patricia Stewart, who was also present and lived in the apartment, claimed it as hers.  At trial, defendant explained she falsely claimed the substance as hers to cover for Henderson.

A jury convicted defendant of possession of a controlled substance.  The court suspended imposition of sentence and granted probation pursuant to Penal Code section 1210.1 et seq. (commonly referred to as Proposition 36 probation).

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

## *WENDE* REVIEW

We note an error requiring correction.  Defendant was charged by complaint with a violation of Health and Safety Code section 11350, possession of a controlled substance, cocaine base, and was held to answer for the same.[1]  The complaint was deemed the information.  The evidence at trial reflects that the substance was cocaine base.  Defense counsel argued the substance was "crack" cocaine.  The prosecutor argued he had to prove the substance was "cocaine base or cocaine" and that "it's all cocaine." The jury was instructed in the language of CALCRIM No. 2304 that defendant was "charged with possessing cocaine base, a controlled substance, in violation of Health and Safety Code Section 11350" and that one of the elements required that the prosecutor prove that the controlled substance was cocaine base.  The written instruction also applies to a violation of section 11377, which is referenced at the top of the instruction.  When

---

[1] Undesignated statutory references are to the Health and Safety Code at the time of the charged offense.

2

the verdict was read in open court, the verdict stated that the jury found defendant guilty of violating section 11377 "as charged." The written verdict form refers to section 11377, not section 11350. There was no objection to the verdict form or the reading of the verdict. When defendant was granted probation, the minute order correctly reflects that defendant violated section 11350.

Section 11350, subdivision (a), not section 11377, applies to possession of cocaine base and cocaine which are listed in sections 11054, subdivision (f)(1), and 11055, subdivision (b)(6), respectively. Even though the issue as to the defective form of the verdict appears forfeited (*People v. Jackson* (2014) 58 Cal.4th 724, 750-751; *People v. Jones* (2003) 29 Cal.4th 1229, 1259; *People v. Bolin* (1998) 18 Cal.4th 297, 330), the verdict form would have been corrected to reflect the proper code section violated had defense counsel objected to the technical defect. We will order the verdict form corrected to reflect that defendant violated section 11350.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.[2]

---

[2] Defendant may be entitled to have her conviction reduced from a felony to a misdemeanor. If so, defendant is limited to the statutory remedy of petitioning for recall of sentence in the trial court once her judgment is final, pursuant to Penal Code section 1170.18. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672, affd. as mod. 2015 Cal.App.LEXIS 20; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170, 177.)

**DISPOSITION**

The judgment is affirmed.

                                                  MURRAY           , J.

We concur:

         NICHOLSON       , Acting P. J.

         ROBIE             , J.